**David A. Hoines,** State Bar #195867
dahfl@aol.com
**DAVID A. HOINES, PA**
**3081 E. Commercial Blvd., Suite 200A**
**Ft. Lauderdale, FL 33308**
**(954) 772-2444, Ext. 2**
 **FAX 772-1860**

**Jason K. Singleton,** *Pro Hac Vice*
**California** State Bar #166170
jason@singletonlawgroup.com
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**
**(707) 441-1177**
 **FAX 441-1533**

Attorneys for Plaintiff, ASIS INTERNET SERVICES

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ALL IN, LLC., dba POWER-CL1CKS2.COM, and DOES ONE through FIFTY, inclusive,<br><br>    Defendants. | Case No.  8:08-mc-00148 JSM MAP<br><br>Northern District of California<br>Case No. CV-07-5717 JSW<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER OF CONTEMPT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT HEREOF.**<br><br>DATE: August 28, 2009<br>TIME : 8:00 a.m.<br>CTRM: 13A |

TO:   ALL IN, LLC., dba POWER-CL1CKS2.COM, AND SHANNON GROTH :

**NOTICE IS HEREBY GIVEN** that on Friday, August 28, 2009, at 8:00 a.m., in Courtroom 13A of the United States District Court, Middle District of Florida, 801 North Florida Avenue, Tampa, Florida, **ASIS INTERNET SERVICES**, the judgment creditor, will move the Court for an Order re contempt.

This motion is made on the grounds that Defendant's managing agent, Shannon Groth, was properly served with a subpoena to answer questions in aid of execution of judgment, and

failed to appear.

This motion will be based on this notice, the attached declarations of Jason K. Singleton, and Josh Mohland, and the memorandum of points and authorities set forth below.

**SINGLETON LAW GROUP**

Dated:  July 7, 2009      /s/ Jason K. Singleton
Jason K. Singleton
Attorneys for Plaintiff, **ASIS INTERNET SERVICES**

## BACKGROUND

Plaintiff is an internet access provider, who obtained a judgment (Exhibit "A" hereto) against Defendants, under the federal ***CAN SPAM Act,*** and related California laws. Defendant is a Florida LLC. Shannon Groth is the managing member of Defendant ALL IN, LLC. See Exhibit "B" hereto. Ms. Groth was personally and properly served with a Subpoena to appear for an order of examination in furtherance of the process to collect the within Judgment. Ms. Groth failed to appear. See the deposition transcript, Exhibit "C" hereto.

The subject Subpoena was issued by the Middle District of Florida, and is attached hereto as Exhibit "D." The proof of service for said Subpoena is attached hereto as Exhibit "E." Plaintiff seeks an order re contempt.

At no point did Ms. Groth contact counsel's office, or Plaintiff, in any fashion to object to the Subpoena, or request a different date. Declaration of Jason K. Singleton submitted herewith.

Incidentally, in addition to entering Judgment, the District Court for the Northern District of California also entered an injunction prohibiting Defendant, and Shannon Groth, from sending any more emails to Plaintiff which violate the CAN SPAM Act. (Exhibit "A") As of present, Defendants and their managers continue to spam Plaintiff. See the Declaration of Josh Mohland submitted herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

As to the specific rule governing how post judgment discovery is to be obtained, that is

provided by Federal Rule 69(a):

> "In aid of the judgment of execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--<u>*as provided in these rules*</u> or by the procedure of the state where the court is located." (emphasis added)

See also ***Natural Gas Pipeline co. of America v Energy Gathering, Inc.*** 2 F.3d 1397 (5th Cir. 1993)  Consequently, issuance of a subpoena was proper.

***Federal Rule of Civil Procedure***, Rule 69(a) also provides. "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located,…".  In other words, state enforcement of judgment procedures apply, unless there is a specific federal rule.

Plaintiff believes that California law would apply, given the plain language of **FRCP** Rule 69(a).  However, in an abundance of caution, Plaintiff briefs Florida law as well.

California law provides that If an order to appear for an examination is properly served (i.e., personally served by a sheriff, marshal, person appointed by the court or a registered process server) and the examinee fails to appear, the court may *either* (a) have the person brought before the court pursuant to a warrant and punish the person for contempt, *or* (b) issue an arrest warrant pursuant to ***California Code of Civil Procedure*** §708.170(a) and ***California Code of Civil Procedure*** §1993.

**Florida Revised Statutes**, Section 56.29 sets out the statutory scheme for examination of debtors and provides in paragraph 9:

> "The court may enter any orders required to carry out the purpose of this section to subject property or property rights of any defendant to execution."

Paragraph 10 provides:

> "Any person failing to obey any order issued under this section by a judge or general or special magistrate or failing to attend in response to a subpoena served on him or her may be held in contempt."

The conjunction of federal law adopting state law enforcement procedures, particularly here across state lines, is often not an exact fit.  This too has been addressed by the federal courts:

> "In all cases where a general right is conferred, it can be enforced in Federal Court within the State having jurisdiction of the parties. It cannot be withdrawn from the cognizance of such Federal court by any provisions of State legislation that it shall only be enforced in a State court. The statutes of nearly every State provide for the institution of numerous suits such as for partition, foreclosure, and the recovery of real property in particular courts and in the counties where the land is situated, yet it has never been pretended that limitations of this character could affect, in any respect, the jurisdiction of the Federal court over such suits where the citizenship of one of the parties was otherwise sufficient. Whenever a general rule as to property or personal rights, or injuries to either, is established by State legislation, its enforcement by a Federal court in a case between proper parties is a matter of course, and the jurisdiction of the court in such a case, is not subject to State limitation." ***Duchek v. Jacobi*** 646 F.2d 415 (9th Cir. 1981)

Based upon the foregoing, Plaintiff requests the within Court issue a bench warrant for the arrest of Shannon Groth, who resides at 687 Richmond Close, Tarpon Springs, Florida, the owner and manager of ALL IN, LLC., so as to require Ms. Groth to appear and answer questions under oath in furtherance of execution of the within Judgment.

Dated:      July 7, 2009               /s/ Jason K. Singleton
                                       Jason K. Singleton, *pro hac vice*
                                       California State Bar # 166170
                                       Attorney for Plaintiff
                                       SINGLETON LAW GROUP
                                       611 "L" Street, Suite A
                                       Eureka, CA 95501
                                       (707) 441-1177
                                       FAX (707) 441-1533
                                       jason@singletonlawgroup.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

I hereby certify that on July 8, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Shannon Groth, Managing Member
ALL IN, LLC
687 Richmond Close
Tarpon Springs, FL 34688

Dated: July 8, 2009

/s/ Jason K. Singleton
Jason K. Singleton, *pro hac vice*
California State Bar # 166170
Attorney for Plaintiff
SINGLETON LAW GROUP
611 "L" Street, Suite A
Eureka, CA 95501
(707) 441-1177
FAX (707) 441-1533
jason@singletonlawgroup.com